***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Young, along with the briefs and arguments on appeal. The Full Commission REVERSES the Deputy Commissioner's holding and enters the following Opinion and Award REMANDING the matter to a Deputy Commissioner for further determination.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between the plaintiff-employee and defendant-employer at all relevant times herein.
3. Transcontinental Insurance Company was the carrier on the risk at all times relevant herein.
4. The parties stipulated that the injury giving rise to this claim occurred on the premises of the West Brothers Terminal located on the property of IBM in Durham County, North Carolina on January 20, 1999 at approximately 2:40 p.m.
5. The parties stipulated to the plaintiff's medical records from Chiropractic Partners, Rex Healthcare Emergency Department, and Raleigh Orthopaedic Clinic.
 ***********
Based upon the evidence of record, the Full Commission rejects the findings of the Deputy Commissioner and enters the following:
 FINDINGS OF FACT
1. At the time of the hearing, the plaintiff-employee was 37 years old. The plaintiff-employee was employed by the defendant-employer as a truck driver and was the sole witness to testify at the hearing.
2. On or about January 20, 1999, the plaintiff-employee was driving his personal vehicle on company premises traveling to the office to clock out for the end of the day. In route to clock out, the plaintiff-employee passed a co-worker, Robert Parrish, who was driving a company truck.
3. Upon entering the office, which was described by the plaintiff-employee as a confined room of 30 feet by 15 feet, he found Mr. Parrish complaining to the supervisor, Willie Cook, that the plaintiff-employee was an unsafe driver.
4. Upon overhearing Mr. Parrish complain about plaintiff-employee's driving, plaintiff-employee became angry and began using aggressive and profane language directed at Mr. Parrish. Plaintiff then went to another part of the room, and after 5 minutes, approached Mr. Parrish to apologize.
5. Plaintiff-employee approached Mr. Parrish and got within 18 inches of Mr. Parrish and rested his hand on plaintiff's shoulder. Mr. Parrish then "snapped."
6. Mr. Parrish commenced to land the first blow and continued to punch and kick plaintiff-employee. Plaintiff-employee received extensive injuries as a result of the fight with Mr. Parrish. Mr. Parrish broke his hand as a result of repeatedly striking plaintiff.
7. A warrant for assault was filed against both plaintiff-employee and Mr. Parrish.
 ***********
Based upon the foregoing findings of fact, the Full Commission rejects the conclusions made by the Deputy and concludes as follows:
 CONCLUSIONS OF LAW
1. Fights, such as the one in the case at hand, that take place in the workplace and are over disagreements about work issues are foreseeable and arise out of employment. Withers v. Black, 230 N.C. 428, 53 S.E.2d 668
(1949).
2. On January 20, 1999, plaintiff suffered an injury by accident arising out of and in the course of his employment with defendant-employer when he was involved in a job-related fight with a co-worker at the workplace. N.C. GEN. STAT. § 97-2(6).
3. Plaintiff undertook no action on 20 January 1999 with a willful intention to injure or kill himself or another. N.C. GEN. STAT. §97-12(3).
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. N.C. GEN. STAT. § 97-25.
5. Plaintiff may be entitled to compensation for any temporary total disability, temporary partial disability, and/or permanent partial disability he may have suffered as a result of the January 20, 1999 injury by accident. N.C. GEN. STAT. §§ 97-29; 97-30; 97-31.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission MODIFIES the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay all medical expenses incurred by plaintiff as a result of the January 20, 1999 injury by accident.
2. Defendants shall pay the costs of this appeal.
 *********** ORDER
This case is hereby REMANDED to a Deputy Commissioner for a hearing to determine any temporary total disability, temporary partial disability, and/or permanent partial disability plaintiff may have suffered as a result of the January 20, 1999 injury by accident.
 S/_______________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/__________________ BUCK LATTIMORE CHAIRMAN
 S/__________________ LAURA KRANIFELD MAVRETIC COMMISSIONER